**IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| **CRAWFORD, R.** | ) | |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| **CERNER CORPORATION** | ) | |
| c/o CT Corporation System | ) | |
| 120 South Clayton Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.	This is a collective and class action brought by Individual and Representative Plaintiff Rhonda Crawford, the Named Plaintiff, on her own behalf and on behalf of members of the proposed classes identified below. The Named Plaintiff and the putative class members, during the three year period preceding this lawsuit (the "Statutory Period"), were employed by Defendant Cerner Corporation ("Cerner"). Named Plaintiff and the putative class members were employed as Technical Solution and/or Support Analysts ("TSAs") in SolutionWorks and/or AMS. At times during the Statutory Period, the Named Plaintiff and putative class members were classified as salaried exempt associates and were not paid overtime wages for hours worked over 40 per week. As such, these employees were denied and continue to be denied overtime wages under an illegal pay policy. The Named Plaintiff and putative class members are similarly-situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they suffered identical wage losses under this illegal policy.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1391 because Defendant's principal office and world headquarters is located in this district and because events giving rise to these claims occurred in this district. In addition, Plaintiff resided in this district while employed by Defendant.

## PARTIES

4.      Plaintiff Rhonda Crawford is an adult resident of Houston, Texas. Plaintiff was, within the three years preceding the filing of this lawsuit, employed as a TSA. Ms. Crawford's consent form is attached as Exhibit A to this Complaint and is incorporated herein by reference.

5.      Defendant Cerner Corporation is a domestic corporation incorporated in Delaware. Its principal office is at 2800 Rock Creek Parkway, Kansas City, Missouri. Cerner's registered agent for process in Missouri is CT Corporation System, located at 120 South Central Avenue in Clayton, Missouri.

6.      Cerner is an "employer" within the meaning of 29 U.S.C. §203(d).

7.      Cerner is an enterprise engaged in commerce within the meaning of 29 USC §203(s)(1).

## FACTUAL ALLEGATIONS

8.      Cerner supplies health care information technology solutions, services,

devices, and hardware to hospitals and clinics throughout the United States and abroad.

9.      At times during the three year period preceding the filing of this complaint, the Named Plaintiff and putative class members are or were employed by Defendant as TSAs.

10.     At times during the three year period preceding the filling of this complaint, the Named Plaintiff and the putative class members were classified by Defendant as exempt from overtime wages.

11.     At times during the three year period preceding the filling of this complaint, the Named Plaintiff and the putative class members were paid a salary.

12.     At times during the three year period preceding the filling of this complaint, the Named Plaintiff and the putative class members were not paid an overtime premium for hours worked in excess of forty per week.

13.     Throughout the three year period preceding the filing of this complaint, the job duties performed by the Named Plaintiff and putative class members were those of FLSA non- exempt employees.

14.     TSAs performed work similar to help desk workers, offering technical support and troubleshooting to Cerner's clients.

15.     TSAs did not create or install the software that customers used.  They did not write code or fix code. Rather, TSAs assisted with remote troubleshooting and configuring software after it was installed.

16.     TSAs responded to service request tickets ("SRs") from clients or other Cerner employees.  If the SR was simple enough, the TSA would work to resolve the ticket. However, if the SR required a review of the code, it was sent to a different individual (e.g., software engineer) with greater technical expertise.

17. The Named Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly- situated employees is defined as:

> All persons who were employed by Cerner as TSAs in SolutionWorks and/or AMS[1], and who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week at any time from three years prior to the commencement of this lawsuit.

18. The Named Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Missouri Overtime Wage Class** is defined as:

> All persons who were employed by Cerner as TSAs in SolutionWorks and/or AMS[2], and who were not compensated at a rate of one and one half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit.

## CLASS ALLEGATIONS

19. The Named Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the Missouri Overtime Wage Class, as defined in paragraph 23, *supra*, pursuant to Fed. R. Civ. P. 23(a) and (b).

20. The persons in the Missouri Overtime Wage Class above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than a hundred people who satisfy the definition of the class.

21. Common factual and legal questions involving the Wage Class predominate

---

[1] The class definition is intended to cover individuals who performed the same primary duty as TSAs, but whose job titles, role descriptions, or organization names may have changed during the statutory period.

[2] The class definition is intended to cover individuals who performed the same primary duty as TSAs, but whose job titles, role descriptions, or organization names may have changed during the statutory period.

over any questions solely affecting individual members of the class, including but not limited to:

(a)     Whether TSAs are exempt from overtime compensation under Missouri law;

(b)     Whether Cerner maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiff and members of the putative class;

(c)     Whether the Named Plaintiff and members of the putative class performed work for Cerner in excess of forty hours per work week;

(d)     The nature and amount of compensable work performed by the Named Plaintiff and members of the putative class;

(e)     Whether Cerner employed the Named Plaintiff and members of the putative class within the meaning of Missouri law; and

(f)     The proper measure of damages sustained by the Named Plaintiff and members of the putative class.

22.     The Named Plaintiff's claims are typical of those of the Missouri Overtime Wage Class. The Named Plaintiff, like other members of the Missouri Overtime Wage Class, was subjected to Cerner's illegal pay policy of refusing to pay overtime wages, in violation of Missouri law.

23.     The Named Plaintiff will fairly and adequately protect the interests of the Missouri Overtime Wage Class and has retained counsel experienced in complex wage and hour litigation.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

25.     Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Missouri Overtime Wage Class predominate over any questions affecting only individual members of the Missouri Overtime Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Missouri Overtime Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Missouri Overtime Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

26.     The Named Plaintiff intends to send notice to all members of the Missouri Overtime Wage Class to the extent required by Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME**
**COMPENSATION IN VIOLATION OF THE FLSA**

27.     The Named Plaintiff, individually and on behalf of the Collective Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

28.     Cerner is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

29.     Cerner is an employer within the meaning of 29 U.S.C. §203(d).

30.     The Named Plaintiff and the members of the Collective Class were employees of Cerner within the meaning of 29 U.S.C. §203(e).

31.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work

performed in excess of forty (40) hours per workweek.

32.     The Named Plaintiff and members of the Collective Class are not and were not exempt from overtime pay requirements under the FLSA.

33.     At times during the applicable statute of limitations, the Named Plaintiff and members of the Collective Class performed worked in excess of forty (40) hours per week without receiving overtime compensation.

34.     Specifically, the Named Plaintiff and the class members were expected to work more than 40 hours per week.

35.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, the Named Plaintiff and members of the Collective Class have suffered a wage loss.

36.     Cerner knew or showed reckless disregard for the fact that it failed to pay the Named Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF MISSOURI LAW

37.     The Named Plaintiff, individually and on behalf of the Missouri Overtime Wage Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

38.     The foregoing conduct, as alleged, violates Mo. Rev. Stat. § 290.505.

39.     At all relevant times, Cerner has been and continues to be an "employer" within the meaning of Mo. Rev. Stat. § 290.500(4).

40. At all relevant times, the Named Plaintiff and the putative Missouri Overtime Wage Class members were Cerner employees within the meaning of Mo. Rev. Stat. § 290.500(3).

41. Mo. Rev. Stat. § 290.505 requires an employer to pay overtime compensation to all non-exempt employees.

42. The Named Plaintiff and members of the Missouri Overtime Wage Class are not and were not exempt from overtime pay requirements under Missouri law.

43. At times during the applicable statute of limitations, Cerner had a policy and practice of failing and refusing to pay overtime wages to the Named Plaintiff and members of the putative Missouri Overtime Wage Class for their hours worked in excess of forty hours per workweek.

44. As a result of Cerner's willful failure to pay overtime wages earned and due to the Named Plaintiff and members of the putative Missouri Overtime Wage Class, Defendants have violated and continue to violate Mo. Rev. Stat. § 290.500.

## **REQUEST FOR RELIEF**

WHEREFORE, the Named Plaintiff, on her behalf and on behalf of all members of the Collective Class and the Missouri Overtime Wage Class requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly- situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Missouri Overtime Wage Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Rhonda Crawford as Named Plaintiff and as representative of the Missouri Overtime Wage Class pursuant to Fed. R. Civ. P. 23;

D.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E.      An order finding that Defendant Cerner violated the FLSA and Missouri wage and hour laws;

F.      An order finding that these violations were willful;

G.      Judgment against Cerner in the amount equal to the Plaintiffs' and the Collective Class's unpaid back wages at the applicable overtime rate;

H.      An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

I.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527; and

J.      Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted this 12th day of January, 2017.

Attorneys for the Plaintiff

By:     /s/ Eric L. Dirks
**WILLIAMS DIRKS DAMERON LLC**
Eric L. Dirks, MO State Bar No. 54921
Email: dirks@williamsdirks.com
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: 816-876-2600
Facsimile: 816-221-8763

**HABUSH HABUSH & ROTTIER, S.C.**
Jason Knutson, State Bar No. 1035801

9

*Pro Hac Vice Application Forthcoming*
Email:  jknutson@habush.com
Breanne L. Snapp, State Bar No. 1091474
*Pro Hac Vice Application Forthcoming*
Email: bsnapp@habush.com
150 East Gilman St., Suite 2000
Madison, WI 53703
Telephone: 608/255-6663
Facsimile:  608/255-0745